UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PINELLAS SUNCOAST TRANSIT
AUTHORITY,

    Plaintiff,

vs.                                                         Case No. 8:06-cv-2042-T-17-EAJ

MINCOM, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE

This cause comes before this Court on Defendants', Mincom, Inc.'s, (MINCOM), Motion to Dismiss and Motion to Strike Plaintiff's Complaint (Docket No. 7) and Memorandum, in opposition thereto (Docket No. 9). For the reasons set forth, Defendants Motion to Dismiss is **GRANTED** with prejudice as to Count III, **DENIED** as to Count II, and **GRANTED** without prejudice as to Counts V and VI, and the motion to strike is found to be moot.

## BACKGROUND

On or about April 21, 2003, Plaintiff, Pinellas Suncoast Transit Authority (PSTA), issued a request for proposals from qualified firms to provide an "Integrated Financial, Administrative, Transportation, and Maintenance Information System." PSTA Complaint, paragraph 8. Defendant Mincom responded to PSTA's request and provided its proposal for a solution to PSTA's integrated information system requirements. After a series of negotiations, Mincom and PSTA entered into a Master Customer Agreement (CONTRACT) on or about March 31, 2004.

Plaintiff claims that PSTA received a letter from Mincom's President Rick Rogers stating that Mincom's solution represented a "low-risk, total solution to PSTA's requirements" and that PSTA would benefit by "eliminating data redundancies and errors via Ellipse's fully integrated functionality." PSTA also alleges that Mincom represented that it had extensive experience in the transit industry, that it understood transit, that its consultants understood PSTA's requirements, that it had extensive experience in implementing their software in the transit context, that its proposed solution would support the business functions enumerated by PSTA, that it was familiar with industry requirements, and that its software would meet the industry requirements. However, PSTA's complaint does not specifically identify when these representations were made or who made these representations.

Additionally PSTA makes several allegations relating to Mincom's actions and omissions after the parties entered into the Contract. Specifically PSTA alleges that the software was incapable of generating certain reports as required, and that Mincom was unable or unwilling to remedy the problems in a timely fashion. As a result, PSTA alleges that PSTA was unable to achieve accurate payment to employees, that it experienced great difficulty in its year-end W-2 reporting requirements, and that it was forced to spend excessive amounts of time and expense trying to perform the routine functions that the software was supposed to include.

PSTA filed an action against Mincom claiming (I) Breach of Contract, (II) Breach of Express Warranty, (III) Breach of Implied Warranty, (IV) Violation of the Florida Deceptive and Unfair Trade Practices Act, (V) Fraudulent Inducement, and (VI) Negligent Misrepresentation. Mincom now moves to dismiss counts II, III, V, and VI and to strike PSTA's claim for attorney's fees in Count V.

## STANDARD OF REVIEW

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F. Supp. 232 (M.D. Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.,* 769 F.2d 700, 703 (11th Cir. 1985).

Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F. Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

## BREACH OF IMPLIED WARRANTY

First, Defendant Mincom asks the Court to dismiss Count III of PSTA's complaint. Mincom argues that PSTA's claim for breach of implied warranty should be dismissed as a matter of law because Mincom properly disclaimed any implied warranties in the Contract with PSTA.

PSTA counters that its claim should not be dismissed and requests permission to amend its complaint. PSTA argues that allegations of fraud are grounds for finding that the disclaimer is invalid. In support of its argument, PSTA points to *Tinker v. De Maria Porsche Audi, Inc.*, 459 So.2d 487, 492 (Fla. 3rd DCA 1984), which held that the existence of a written disclaimer, even if conspicuous, is ineffective to negate a seller's liability for fraud in the inducement. PSTA also cites *Lou Bachrodt Chevrolet, Inc. v. Savage,* 570 So.2d 306, 308 (Fla. 4th DCA

1990)*,* for the principle that "under normal circumstances, a party is responsible for the terms of the contract he signed and final agreements may not be contradicted by parol or extrinsic evidence, an exception is made in an action alleging fraudulent inducement."

Florida law authorizes sellers to exclude warranties, both express and implied, in the sale of goods. *Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.,* 2006 U.S. Dist. LEXIS 83457 (D. Fla. 2006). According to § 672.316(2), Fla. Stat. (2003), all that is necessary to exclude or modify any implied warranty of fitness is that the disclaimer or exclusion "must be by a writing and conspicuous." The disclaimer of implied warranties at issue in the case at hand appears written in all capital letters in paragraph 17, section D of the Contract and states that:

> **Disclaimers:** TO THE EXTENT PERMITTED BY LAW, THE EXPRESS WARRANTIES IN THIS SECTION ARE IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, REGARDING THE SOFTWARE, SERVICES AND ANY MATERIALS DEVELOPED DURING THE PERFORMANCE OF THE SERVICES, INCLUDING ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, AND NON-INFRINGEMENT OF THIRD PARTY RIGHTS.

The Court finds that the above mentioned disclaimer of implied warranties in the Contract meets the statutory requirements as it is in writing and conspicuous.

The Court now turns to Plaintiff's argument that allegations of fraud may negate the effectiveness of a disclaimer of implied warranties. While PSTA is correct in asserting that written disclaimers cannot negate one's liability for fraud and that fraud is an exception to the parol evidence rule, PSTA misapplies the rules from *Tinker* and *Lou Bachrodt Chevrolet.* Both *Tinker* and *Lou Bachrodt Chevrolet* stand only for the proposition that a warranty disclaim cannot relieve a party from liability for fraud. Those cases do not stand for the idea that a claim of fraud negates the enforceability of the warranty disclaimer.

Additionally, the Court disagrees with PSTA's assertion that it is "entitled to pursue it count for breach of implied warranty" by presenting facts though parol evidence that Mincom's conduct precludes it from asserting protection under the disclaimer. The parol evidence rule precludes the admission of parol or extrinsic evidence to contradict or vary the terms of a written instrument. *Greenwald v. Food Fair Stores Corp.*, 100 So.2d 200, 202 (Fla.Dist.Ct.App.1958). The rule applies primarily where the controversy is of a contractual nature, but it has no application where the action is in tort for fraudulently inducing a party to enter into the writing. *Ashland Oil, Inc. v. Pickard*, 269 So. 2d 714, 722 (Fla. 3rd DCA 1972). More specifically, a party cannot use a claim of fraud to contradict or vary the terms of a written contract. *Gregg v. U.S. Industries, Inc.*, 715 F.2d 1522, 1531 (11th Cir. 1983).

Since PSTA's claim for breach of implied warranty is a contractual claim it is subject to the parol evidence rule. As a result, PSTA may not present parol evidence to contradict or vary the terms of the warranty disclaimer, which, on its face, satisfies the statutory requirements. However, parol evidence would properly be admissible in support of PSTA's claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fraudulent Inducement, and Negligent Misrepresentation, which, if proven, may make the *entire* contract voidable.

Accordingly, Mincom's Motion to dismiss Count III of PSTA's complaint is **GRANTED** with prejudice.

## BREACH OF EXPRESS WARRANTY

Defendant Mincom asks the Court to dismiss Count II of PSTA's complaint. Mincom argues that PSTA's claim for breach of express warranty should be dismissed as a matter of law because the Contract limited PSTA's remedies exclusively to repair and replacement. PSTA

urges the Court not to dismiss the claim, arguing that remedies may not be limited where a contract remedy fails of its essential purpose.

The provision at issue in this instance is § 17.B of the Contract which states that,

> Mincom will, at its own expense and as its sole obligation and PSTA's exclusive remedy for any breach of this warranty, use commercially reasonable efforts to correct any reproducible error in the Software reported to Mincom by PSTA in writing during the Software Warranty Period where PSTA provides sufficient detail to allow Mincom to duplicate the nonconformance.

In its motion to dismiss, Mincom cited Fla. Stat. §672.316(1), (4) and §672.719 in support of its assertion that PSTA is prohibited from properly claiming breach of express warranty because § 17.B of the Contract expressly limits PSTA's remedies. Statutes §672.316 and § 672.719 stand for the principle that parties to a contract may properly limit the remedies for a breach of warranty to repair and replacement when such limitations are reasonable.

PSTA argues that although a party to a contract may properly limit the remedy for breach of warranty to repair or replacement, the limitation is not valid when the remedies were inadequate in the case where the product fails or where the remedy failed of its essential purpose. In its memorandum in opposition of Mincom's motion to dismiss, PSTA cited official comment 2 of Fla. Stat. § 672.719 which state that "where an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article."

Thus, to overcome Mincom's motion to dismiss Count II allegations of fact, PSTA must make some allegations of fact, that if taken as true, suggest that Mincom's limited remedies were inadequate and failed of their essential purpose. In its complaint, PSTA alleged that Mincom failed to repair various problems with the software, including necessary customization, to resolve outstanding work-orders in a timely manner, and to cure deficiencies in the allotted time.

Additionally, PSTA asserted that Mincom failed to use commercially reasonable efforts to repair or correct the defective software. Considering these facts in light most favorable to the non-moving party, the court finds that these allegations are sufficient to pass the low threshold of a motion to dismiss.

Accordingly, Mincom's Motion to dismiss Count II of PSTA's complaint is **DENIED**.

### FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION

Mincom also asks the Court to dismiss Count V of PSTA's complaint.  Mincom asserts that PSTA failed to meet the requirements of Federal Rule of Civil Procedure 9(b) because it did not plead its claims for fraudulent inducement and negligent misrepresentation claims with reasonable particularity. Additionally Mincom argues that PSTA's claims for fraudulent inducement and negligent misrepresentation should be dismissed because the claims are not sufficiently independent from the breach of contract claims, and are, therefore, barred by the economic loss rule.

Under Florida law, the plaintiff must prove certain essential elements for a claim of fraud in the inducement. These elements are as follows: (1) a false statement of a material fact; (2) known by the defendant to be false; (3) made to induce the plaintiff to act in reliance; (4) the plaintiffs acts in reliance upon the representations; and (5) that proximately caused his injury. *Butterworth v. Quick & Reilly,* 998 F. Supp. 1404, 1410 (D. Fla. 1998). "The elements for negligent misrepresentation are those for a fraud claim, except that it does not require the element of knowledge to establish scienter." *Id.* at 1411 (D. Fla. 1998).  Mincom argues that although PSTA's allegations mimicked the elements necessary to plead fraudulent inducement and negligent misrepresentation, it has failed to meet the requirements of Federal Rule of Civil

Procedure 9(b) which states that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" because PSTA did not specify with particularity the time, place, and identity of the speaker of the statements allegedly constituting fraudulent inducement or negligent misrepresentation.

While Mincom is correct in its assertion to satisfy the Rule 9(b) requirement the allegations of date, time or place of the circumstances of the alleged fraud must be pleaded with particularity, alternative means are also available to satisfy the rule. *Durham v. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir. 1988). For example, in Durham, an Eleventh Circuit case and, therefore, binding on this Court, held that the allegations contained in the amended complaint and in an affidavit submitted by appellees showing how appellants corresponded by mail over time with the appellees over a period of time was sufficient to meet the requirements of Rule 9(b) even though the specific dates and times of the correspondence.

PSTA asserts that the instant case is similar to *Durham* in that the allegations of fraudulent inducement and negligent misrepresentation occurred over time such that the specificity requirements of Federal Rule of Civil Procedure 9(b) should be applied less stringently. PSTA also claims that, to the extent possible, it identified the speaker of the statements allegedly constituting fraudulent inducement and negligent misrepresentation in Exhibit F attached to its complaint.

First, the Court notes that it has searched through all of the case materials in its possession, including other exhibits submitted by PSTA, in an effort to locate Exhibit F. Unfortunately, Exhibit F is not among the materials in possession of the Court, and therefore, the Court is unable to verify whether PSTA sufficiently identified the speaker(s) of the statements allegedly constituting fraudulent inducement and negligent misrepresentation. Furthermore, the

Court notes that since this case involves claims for breach of contract as well as claims for fraudulent inducement and negligent misrepresentation, the timing of the alleged statements are central to the issue of whether the tort claims are sufficiently separated from the contract claims so as not to be barred by the economic loss rule.

A plaintiff generally cannot assert a tort cause of action for economic losses arising from a contract. *Business Radio, Inc. v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (D. Fla. 2005). The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. *McIntosh Land Co. Ltd. P'ship v. Fairfield Fletcher Ltd. P'ship*, 2005 U.S. Dist. LEXIS 24164 (D. Fla. 2005). Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." Id. Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. Id.

PSTA's complaint does not, on its face, identify the timing of the statements allegedly constituting fraudulent inducement and negligent misrepresentation. While, as *Durham* held, the requirement of 9(b) may be applied less stringently in a case where the allegations occurred over time, it is imperative that the complaint specify a general time so that the Court may determine whether the statements or misrepresentation were made in an effort to induce PSTA into the contract or would more accurately be pled as breach of contract claims.

Accordingly, Mincom's Motion to dismiss Count V and VI of PSTA's complaint is **GRANTED** without prejudice.

**MOTION TO STRIKE CLAIM FOR ATTORNEY'S FEES**

Finally, Mincom asks the Court to strike PSTA's claim for attorney's fees in Count V of the Complaint. The Court need not address this issue, however, since PSTA has agreed to amend its Complaint to remove the request for attorney's fees. Accordingly it is

**ORDERED** that the Defendants' motion to dismiss (Docket No.7) be **GRANTED** with prejudice as to Count III, **DENIED** as to Count II, and **GRANTED** without prejudice as to Counts V and VI, and that the motion to strike is found to be moot. The Plaintiff **SHALL HAVE** ten days from this date to file an amended complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.